## THE TAKING POSSESSION OF MORTGAGED CHATTELS.

Circuit Court of Lorain County.

ANDREW McQUATE v. THOMAS SMITH.

Decided, April 26, 1911.

*Chattel Mortgage—Mortgagee's Right to Take Possession—Replevin—Issue that Mortgagee Injured Property and Sold it for Less Than it Was Worth.*

1. The rightful exercise by a mortgagee of chattels to take possession of them, under a covenant in the mortgage that he may do so if he at any time before the money becomes due, deems it necessary for his more complete and perfect security, does not depend upon the fact that he has reasonable grounds for deeming it necessary for his security.

2. An averment in a cross-petition in replevin that the plaintiff, during his possession of the replevined property failed to properly care and provide for it and permitted it to greatly depreciate and injured the same, and thereafter sold it at public auction for less than its value, presents an issue which must be determined by a jury.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Smith brought replevin before a justice of the peace against McQuate to recover possession of a team of horses and a set of double harness. On appeal of the action to the court of common pleas, Smith filed his petition, briefly alleging that he was entitled to the immediate possession of said chattels and of fifty dollars damages for its unlawful detention.

McQuate's answer and cross-petition alleges that he had mortgaged said property to Smith to secure his note for $175.65, which was not yet due. The mortgage, attached to and made a part of the answer, provides that "if the said grantee, his heirs, or assigns, shall at any time before said sum of money becomes due, deem it necessary for his or their more complete and perfect security, the said grantee, his heirs and assigns, are hereby authorized and empowered with or without the aid and assistance of any persons or person, to enter the dwelling-house, store or other premises of said grantor, or such other places as

the said goods or chattles are or may be placed, and take and carry away said mortgaged property, and sell and dispose of the same at public auction or private sales, at once, without notice, and out of the money arising therefrom to retain and pay the said indebtedness above mentioned, and all charges touching the same, etc.

The answer and cross-petition further alleged:

"Defendant further says that on or about the 9th day of August, 1910, said plaintiff, pretending to act under said mortgage, and without any just cause or excuse and without any default made in the conditions of said mortgage by this defendant and in violation and contrary to the expressed terms and the true intent and meaning of the said mortgage, forcibly took possession of said property and converted the same to his own use against the will and protest of this defendant.

"Defendant alleges that none of the conditions of said mortgage were broken by him, and that after the giving of said mortgage he had done or suffered to be done no act, nor was he about to do or suffer to be done any act, nor had he in contemplation the doing or suffering of any act, which would tend in any manner to impair the security of the said mortgage or to give plaintiff any reasonable or probable cause to apprehend the loss or impairment of his said claim against defendant or said mortgage security."

This does not amount to an allegation that Smith did not deem it necessary for his more complete and perfect security to take the property and sell it, as the mortgage permitted him to do. As said in *Francisco* v. *Ryan*, 54 Ohio St., 308, 320, "The rightful exercise of that authority does not depend upon the fact that he has reasonable grounds for deeming it necessary for his security." In other words, the answer and cross-petition does not adequately deny the averment of the petition that plaintiff was "entitled to the immediate possession" of the property. The defendant having failed to join issue by answer traversing the petition's allegation in this behalf, the averments of the reply and of the so-called replication upon the subject are immaterial so far then as the plaintiff's cause of action is concerned, the court below reasoned rightly in granting his motion for judgment on the pleadings.

The cross-petition alleges, however, that the plaintiff after taking the horses and harness, and during his possession, failed to properly care and provide for said property and permitted same to greatly depreciate and injured the same. The defendant further alleges that plaintiff thereafter caused said property to be sold at public auction "for $187 being less than its value." These averments are denied by the reply, and the issue of fact thus joined presented a case for trial upon evidence such as to preclude judgment on the pleadings. For error in rendering such judgment, therefore, the same is reversed and the cause remanded.